IN THE UNITED STATES DISTRICT COIURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                                                          CRIMINAL NO. 1:13-cr-89-KS-MTP

WILLIAM W. WALKER

ORDER

BE IT REMEMBERED that a Petition for Revocation of Supervised Release came on for hearing on the 29th day of September, 2020. The Defendant, William Walker was present with his attorney, Steven N. Eckert and testimony was begun. The Court heard testimony from Probation Officer Justin Crowe and Mr. Scott Walker and the Government rested its case. After hearing the testimony of the two witnesses and holding a bench conference with the attorneys the Court determined that the Respondent, William W. Walker, was in need of a Guardian Ad Litem and further that the Court was in need of additional documents prior to making a decision. The Court made the finding that the Respondent suffered from mental disabilities and was not capable of attending to his business affairs, and this finding was concurred with by the son of the Respondent, Scott Walker and the Government's attorney, Mr. John Meynardie. The attorney for Mr. Walker, Steven Eckert, also concurred with the need for some assistance for Mr. Walker.

For the reasons above stated the Court finds that pursuant to Rule 17(c)(2) that the Court should appoint a Guardian Ad Litem for Mr. William W. Walker. Mr. Walker is represented by counsel but the Court finds that a Guardian Ad Litem should be appointed and further that the Guardian Ad Litem should be directed to seek the assistance of the Chancery Court of Jackson

County, Mississippi for the appointment of a Conservator of the person and estate of William W. Walker. Because of the special circumstances of this case with the defendant facing revocation of supervised release and time in a United States prison, the Court finds that the representation by Mr. Eckert should be for the criminal matters and that the Guardian Ad Litem should be appointed for the other purposes. The Court finds that there are some serious questions as to the appropriateness of the sources and uses of Mr. Walker's income and that further investigation needs to be had prior to this Court making an informed decision as to the appropriate actions.

Following the resting of the Government's case, the Court found it appropriate to direct Mr. Scott Walker, the son of Mr. William W. Walker and the person who has been in charge of his finances, to be directed to furnish to the Court a number of documents. Mr. Scott Walker was directed to furnish to the Court, counsel for Mr. William Walker and counsel for the Government, Mr. John Meynardie, within ten (10) days the following documents:

1. Credit card statements for the three (3) credit cards testified to for the last two (2) years

2. Bank statements from Bancorp South and M&M Bank for Mr. William Walker and his wife for the last three (3) years

3. Tax returns for Mr. and Mrs. Walker for the last three (3) years

4. Documentation of the eleven (11) loans made together with disbursement showing how the money was disbursed

5. A copy of the automobile insurance policy on the vehicle of Mr. and Mrs. Walker

6. Copies of the annual statements for the three (3) New York Life Insurance Company life insurance policies that were testified about

7. A copy of the annual statement for the home loan of Mr. William Walker

8. Copies of the cancelled checks showing payment to attorneys for Mr. William Walker

9.  Statement from the electric company servicing the residence of William Walker showing the electrical usage for the last two (2) years

The Court has requested suggestions from the Chancery Court in Jackson County for the name of a qualified person to serve as Guardian Ad Litem and potentially as Conservator, and the Court finds that attorney Matthew Pavlov should be appointed Guardian Ad Litem of William W. Walker pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure.

The Court further finds that the hearing that was terminated on September 29, 2020, should be reset to continue for October 20, 2020, at 10:00 a.m.

SO ORDERED this the __2nd__ day of October, 2020.

_____s/Keith Starrett_____
United States District Judge